IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA LUNA,

    Plaintiff,

v.                                              Civil Action No. _____

HOME DEPOT U.S.A., INC., SCOTT WILHOITE,

    Defendants.

## HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

Defendant, Home Depot U.S.A., Inc. ("Home Depot"), files this Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.    Home Depot and Scott Wilhoite are the Defendants in a civil action pending in the Second Judicial District Court of Bernalillo County, State of New Mexico entitled *Joshua Luna vs. Scott Wilhoite and Home Depot U.S.A., Inc.;* Case No. D-202-CV-2021-00491 (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

## AMOUNT IN CONTROVERSY

2.    The State Court Action was filed on January 21, 2021. Home Depot was served with Plaintiff's Complaint for Damages (the "Complaint") on January 1, 2021. The Plaintiff's Complaint did not specify the amount of damages sought by Plaintiff, nor did it go into any detail regarding the nature and severity of Plaintiff's alleged injuries. The Plaintiff's Complaint merely stated that Plaintiff slipped and fell, and, as a result, suffered "injuries and damages including, but

1

not limited to, physical injuries, past incurred and future medical expenses, loss of income and income opportunity, loss of household services, property damage, loss of life's enjoyment, emotional distress and emotional and physical pain and suffering, all to Plaintiff's great loss in an amount to be proven at trial." From these statements and allegations in the Complaint, there was no basis to conclude that the amount in controversy in this case is over $75,000.00 exclusive of interest and costs.

3. On May 27, 2021, Plaintiff served answers to Home Depot's First Set of Interrogatories and produced documents in response to Home Depot's First Request for Production of Documents. In answer to interrogatory no. 6, and in regard to injuries sustained by Plaintiff as a result of the accident at issue in this lawsuit, Plaintiff stated that after the subject slip and fall, Plaintiff immediately felt pain in his right knee, and that a subsequent MRI of that knee showed a complete tear of the ACL, a 3 cm medical meniscus tear, and bone marrow swelling consistent with bone bruising. Plaintiff further stated that, on May 14, 2020, Plaintiff then underwent a surgery that involved an ACL reconstruction and meniscectomy. In response to Home Depot's First Request for Production, Plaintiff also produced medical bills for injury related treatment that totaled at least $82,992.37. Prior to May 27, 2021, Plaintiff had not served Home Depot with any pleading or other paper from which it could be determined that the amount in controversy in this case is over $75,000. However, with the production on May 27, 2021 of injury-related medical bills of $82,992.37, and disclosure that Plaintiff is claiming to have had surgery for an ACL tear in the right knee as a result of the accident in question, it became clear as of that date that the amount in controversy does exceed that sum, exclusive of interest and costs. Accordingly, this notice is timely filed within thirty (30) days of Home Depot's receipt of first notice that this Court has jurisdiction over the subject matter of this case as required by 28 U.S.C. § 1446(b).

4. Plaintiff may try to seek remand of the case by claiming that on April 7, 2021, Plaintiff's counsel's paralegal sent an email to Home Depot's defense counsel and his paralegal that included a link to a pre-suit demand letter and supporting materials, in which a settlement demand was made for in excess of $75,000, and the same medical bills were supplied. Home Depot expects this because, on May 28, 2021, another assistant to Plaintiff's counsel sent an email in which reference to the prior email of April 7, 2021 was made. Having been alerted to the claim that an email link to such a demand letter was transmitted on April 7, 2021, Home Depot's counsel and his paralegal searched all of their email inboxes (including boxes that would contain deleted emails and any emails received in spam/trash folders), and no such email was contained in any of them. Moreover, neither Home Depot's counsel nor his paralegal had any recollection of having received any demand letter (or link to any demand letter) by email on a prior date, and they are sure that if they had, they would have recalled it, and they would have seen that it was saved electronically and forwarded to Home Depot for response (neither of which occurred). Finally, a check of the email server for the Law Offices of Arthur K. Smith was performed, which would include any emails received by anyone at the firm in the month of April of 2021, and it likewise did not show that anyone at the firm had received any email from anyone prior to May 28, 2021, in which there was any demand letter from Plaintiff's counsel or any link to any demand letter. Thus, Home Depot avers and will prove, if a motion to remand is filed, that prior to May 28, 2021, Home Depot had never been served with any pleading or other paper in connection with this lawsuit in which it could be determined that the amount in controversy in this case likely exceeded $75,000.00.

## **DIVERSITY OF CITIZENSHIP**

5. Plaintiff is now and was at the time the lawsuit was commenced a citizen of the State of New Mexico.

6. Home Depot is not now and was not at the time the lawsuit was commenced a citizen of the State of New Mexico. Specifically, Home Depot is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Home Depot is and was, therefore, a citizen of the States of Delaware and Georgia.

## IMPROPER JOINDER

7. The other named Defendant, Scott Wilhoite, is a citizen of New Mexico. However, Plaintiff improperly joined Wilhoite to defeat diversity jurisdiction, as there is no possibility under New Mexico law that Plaintiff can establish of cause of action against Defendant Wilhoite. Plaintiff alleges that Wilhoite was an employee or agent of Home Depot and, with Home Depot, breached a duty to keep the store premises safe for use by visitors, by failing to clear the parking lot of ice. However, on February 5, 2020, while Wilhoite was employed as the store manager of the Home Depot store located at 2820 Coors Dr. NW in Albuquerque, New Mexico, which is the store at which Plaintiff alleges he was injured, Mr. Wilhoite was not present in the location where Plaintiff alleges he was injured at the time he was allegedly injured or during the time just beforehand, and, thus, was not aware of, nor had any reason to know of, any ice on the surface in that location (assuming there was any). Exhibit "C" at ¶ 2. Moreover, he was not directing or supervising the activities of any of the Home Depot employees, if any, in the area of the parking lot where Plaintiff claims he was injured at the time of the incident or at any time beforehand on that day. Exhibit "C" at ¶ 2. Additionally, as it was not within the scope of his job duties, he did not inspect the parking lot on the day of Plaintiff's alleged incident or on any other date prior to Plaintiff's alleged incident. Exhibit "C" at ¶ 2. Finally, Mr. Wilhoite has never owned or leased the Home Depot store where Plaintiff claims he was injured; has never had any ownership or other legal interest in the Home Depot store where Plaintiff claims he was injured; and has never been the employer of any

individuals who have performed work at the Home Depot store where Plaintiff claims he was injured. Exhibit "C" at ¶ 3.

8.  Also, merely because Mr. Wilhoite was a manager or employee, there would still be no possibility under New Mexico law that Plaintiff can establish of cause of action against him. *See Monsanto v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000), *quoting Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406 (10th Cir. 1958) (applying New Mexico common law in determining that the store manager and department manager were fraudulently joined solely to defeat diversity). As a result, his citizenship is ignored in assessing whether diversity jurisdiction exists.

9.  Under New Mexico law, the ***owner or occupier*** of the premises has a duty to visitors of reasonable care to prevent or correct dangerous conditions on the premises. *See Bober v. New Mexico State Fair*, 808 P.2d 614 (N.M. 1991). Here, Scott Wilhoite was not a premises owner or occupier of the Home Depot store at the time Plaintiff's cause of action accrued, and Plaintiff does not claim that Wilhoite was a premises owner or occupier. Exhibit "C" at ¶ 3.

10. Under Plaintiff's general negligence cause of action, Wilhoite is not liable because he did not engage in any specific act constituting an affirmative participation in the alleged tortious act that resulted in Plaintiff's injury. *See Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406 (10th Cir. 1958)(applying New Mexico common law in determining that the store manager was fraudulently joined solely to defeat diversity).

11. In *Lobato*, the plaintiff sued Pay Less Drug Stores, Inc., along with its president, store manager, and department manager, for personal injuries arising from the sale of a defective bicycle. The plaintiff alleged that the defendants assembled the bicycle in a negligent manner, and that the defendants negligently failed to examine, test, and inspect the bicycle before it was sold to

plaintiff.

12. Defendants removed the case based on diversity of jurisdiction and alleged that the president, store manager, and department manager, had been fraudulently joined for the purpose of defeating diversity. The 10th Circuit upheld the removal and held that "the complaint failed to charge in *specific* terms any *specific* acts on the part of the individual defendants which constituted *affirmative* direction, sanction, participation, or cooperation in the alleged tortious act of the corporate defendant in selling to plaintiff a defective bicycle. (emphasis added)." The Court noted that the defendants did not have anything to do with the assembly and sale of the bicycle, and the Court held that the plaintiff had failed to state a viable cause of action against any of the individual defendants.

13. Similar to the defendants in *Lobato*, Wilhoite did not engage in any specific act constituting an affirmative participation in the alleged tortious act that resulted in Plaintiff's injury. Moreover, Wilhoite did not direct or supervise the activities of any Home Depot employees in the parking lot where Plaintiff claims he was injured at the time of the incident made the basis of this suit or during the time just beforehand. Exhibit "C" at ¶ 2.

14. Because there is no possibility that Plaintiff can establish a viable cause of action against Defendant Wilhoite in New Mexico state court, Wilhoite's citizenship should be ignored for purposes of diversity jurisdiction.

15. Consequently, the district courts of the United States have original jurisdiction over this action based on completely diversity of citizenship amongst and between the parties, in that Plaintiffs, on the one hand, and Home Depot, on the other hand, are now, and were at the time this action commenced, diverse in citizenship from each other.

16. The amount in controversy in the State Court Action is in excess of $75,000.00,

exclusive of interests and costs. Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, as it is a civil action wholly between citizens of different states, and the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

17. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district embracing the place where the State Court Action is pending. Venue is not convenient in this Court, however, as the accident at issue occurred in Albuquerque, the equipment involved was rented in Albuquerque, and all witnesses and evidence will be located in the Albuquerque area.

18. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Bernalillo County, New Mexico, where the action was previously pending.

19. **<u>Jury Demand</u>** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Defendant Home Depot U.S.A., Inc. hereby removes the case styled *Joshua Luna vs. Home Depot U.S.A., Inc.;* Case No. D-202-CV-2021-00491, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

**ALLEN LAW FIRM, LLC**

*/s/ Meena H. Allen*
MEENA H. ALLEN
6121 Indian School Road, NE, Suite 230
Albuquerque, NM 87110
(505) 298-9400

**ATTORNEYS FOR DEFENDANT
HOME DEPOT, U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Una Campbell
Parnall Law Firm, LLC
P.O. Box 8009
Albuquerque, New Mexico 87198

/s/*Meena H. Allen*
Meena H. Allen